JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-9278 PA (RZx) | Date | January 15, 2014 |
|---|---|---|---|
| Title | Arusyak Karapetyan v. Travelers Casualty Insurance Company of America, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - ORDER

    Before the Court is a Notice of Removal filed by defendant Travelers Casualty Insurance Company of America ("Defendant") on December 17, 2013. Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Arusyak Karapetyan ("Plaintiff") on the basis of diversity. See 28 U.S.C. § 1332.

    Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)), amended by 387 F.3d 966 (9th Cir. 2004). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

    To invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In cases where the complaint does not specify the amount in controversy, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the statutory minimum]." See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th. Cir. 1996).

    Because the Complaint in this case does not specify a particular amount of damages, Defendant must establish that the amount in controversy exceeds $75,000. See id. Defendant asserts in the Notice of Removal that the amount in controversy requirement has been met based on Plaintiff's causes of action and the relief she seeks. (Notice of Removal ¶ 8.) Specifically, Defendant alleges that "[g]iven the nature of the claims asserted by Plaintiff, the alleged value of the stolen property, the alleged loss of business income, alleged consequential damages, alleged bad faith damages, and alleged punitive damages, the amount in controversy exceeds $75,000." (Id. at ¶ 9.)

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 13-9278 PA (RZx) | Date | January 15, 2014 |
|---|---|---|---|

| Title | Arusyak Karapetyan v. Travelers Casualty Insurance Company of America, et al. |
|---|---|

  Defendant's statements are conclusory and speculative.  See Phily v. Chase Corp., CV 12-01106-RGK (AJWx), 2012 U.S. Dist. LEXIS 27996, at *2-3 (C.D. Cal. Mar. 1, 2012).  Merely reiterating the claims and requested remedies listed in the Complaint does not show that it is more likely than not that the amount in controversy exceeds $75,000.  See Rich v. Best Buy Stores, L.P., No. 2:12-cv-06066-ODW (FFMx), 2012 WL 3867353, at *3 (C.D. Cal. Sept. 6, 2012).  To overcome the "strong presumption" against removal, Defendant must provide "underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]."  See Gaus, 980 F.2d at 567.  The Notice of Removal, however, is devoid of any factual allegations regarding the amount in controversy.  Accordingly, Defendant has failed establish by a preponderance of the evidence that the amount in controversy requirement has been satisfied.  See Sanchez, 102 F.3d at 404; Phily, 2012 U.S. Dist. LEXIS 27996, at *2-3.

  For the reasons stated above, Defendant has not met its burden to establish this Court's diversity jurisdiction.  The Court therefore remands this action to Los Angeles Superior Court, Case No. EC 061358, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).  The scheduling conference scheduled for February 24, 2014 is vacated.

  IT IS SO ORDERED.